IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE NORTH FACE APPAREL CORP., | ) | |
| A Delaware Corporation | ) | |
| | ) | |
| v. | ) | Case no. 4:09-cv-02029 |
| | ) | |
| WILLIAMS PHARMACY, INC., | ) | <u>JURY TRIAL DEMANDED</u> |
| JAMES A. WINKELMANN, JR., | ) | |
| And THE SOUTH BUTT, LLC | ) | |

## <u>JOINT ANSWER OF DEFENDANTS JAMES A. WINKELMANN, JR. AND THE SOUTH BUTT, LLC</u>

COME NOW Defendants James A. Winkelmann, Jr. and The South Butt, LLC, by and through counsel, and for their Joint Answer, state as follows:

### <u>INTRODUCTION</u>

The South Butt, LLC ("South Butt") is a Missouri limited liability company built on the dreams of Jimmy Winkelmann ("Jimmy"), a cherubic teenager, budding entrepreneur and college freshman from the heartland of America studying biomedical engineering at University of Missouri in Columbia. In 2007 Jimmy founded his company with parodic respect for Plaintiff herein ("North Face"), naming it "The South Butt"--- evoking the opposite of Plaintiff's *historia nomen*---being the soft undercarriage of the non-mountain climbing human anatomy, commonly known and referred to in non-salacious form as, among others, rump, bootie, bottom, buttocks, posterior, rear, saddle thumper and butt.  Since mid-August, 2009 South Butt has garnered significant, nay international, media attention as an internet site seller of parody apparel products with on-site retail sales initially solely being conducted at the St. Louis County, Missouri based and locally owned pharmacy, co-Defendant, Williams Pharmacy, being conveniently positioned between a "to-go food shop" and an ice cream parlor. South Butt's mark and starkly stylized

silhouette of a rump has become associated with its tag line, "Never Stop Relaxing," a tongue in cheek contrast to North Face's tag line, "Never Stop Exploring."

Interestingly, while North Face introduces its Complaint herein by referencing its founders, the present owner of the North Face brand, VF Corporation (formerly known as Vanity Fair Corporation, not to be confused with the Conde Naste publication of the same name), also is understood to own Jansport, Eastpak, Napapijri, and Kipling (among others), generally but erroneously perceived by the marketplace as independent competitors of North Face. The original North Face founders are understood to have stopped exploring the very brand they created.

But for the actions of North Face, the South Butt saga might have been relegated to local Friday fish-fry banter. Unfortunately, and regrettably, South Butt's youthfully exuberant and obvious parodia has not been embraced by North Face; has not been viewed by North Face as the unique and easily distinguished choice for the consuming public it is; and has not been viewed by North Face as a an example of free speech. Rather, North Face has voluntarily and as a matter of public record, elected to depict the commercial undertakings of South Butt and its co-Defendants as "piracy", evoking not intellectual property issues, but high crimes on the high seas, perhaps the South Seas, as contrasted with its oft explored polar opposite.



"Jimmy"

Described as a handsome cross between Mad Magazine's Alfred E. Newman of "What me Worry" fame, and Skippy the Punk from the Midwest, Jimmy refused to turn the other cheek and comply with the initial August 14, 2009 cease and desist demand letter issued by legal counsel for North Face, a brand owned by VF Corporation, being a business association whose website pronounces it to be the "world's largest apparel company" and a "$7 billion plus powerhouse." Instead, Jimmy forged forth with an eye toward sharing his dream with those who embraced the concept of hard work, diligence and pursuit of higher education replete with a sense of humor coupled with market timing.

Some four months later, and despite candor being employed in conveying the message to North Face that the consuming public is well aware of the difference between a face and a butt, North Face commenced the present action for the stated purpose of "protect[ing] its valuable and famous North Face brand and trademarks" and in so doing, has asserted that South Butt's products are likely to cause confusion, mistake among or deceive the general purchasing public.

It is respectfully suggested the only confusion involved herein arises out of the previously noted erroneous belief that North Face's "competition" (Jansport, Eastpak, Napapijiri, and Kipling) is independent rather than owned by the parent company of North Face. Apparently North Face has adopted the posture that unless the North Face "competition" is owned by the parent company of North Face, the general purchasing public will be confused.

In its parodic, commercially exploitive, response to the patently erroneous assertions of North Face that The South Butt products are likely to cause confusion, mistake among or deceive the public, The South Butt has added the following "Disclaimer" to its website:

> "We are not in any fashion related to nor do we want to be confused with The North Face Apparel Corp. or its products sold under "The North Face" brand. If you are unable to discern the difference between a face and a butt, we encourage you to buy North Face products."

Additionally, employing the same parodic spirit, The South Butt has initiated an Internet challenge through Facebook designed to hone the skills of the general purchasing public to discern the difference between a face and a butt.

While Jimmy may have turned 19 years of age, and while he looks 14 and, to some, acts 12, Jimmy and The South Butt have no choice but to defend the present action to protect the integrity of the marketplace, freedom of choice for the consumer, freedom of speech for all, and the fundamental tenets of capitalism, competition and the American Way.

<u>THE PARTIES</u>

1.      Defendants are without information sufficient to form a belief as to the veracity of the allegations contained in this paragraph and, therefore, deny same.

2.      Defendants are without information sufficient to form a belief as to the veracity of the allegations contained in this paragraph and, therefore, deny same.

3.      Admit.

4.      Admit.

5.      Admit.

<u>JURISDICTION AND VENUE</u>

6.      Admit.

7.      Admit.

8.      Admit.

9.      Admit.

<u>BACKGROUND FACTS</u>

10.     Defendants are without information sufficient to form a belief as to the veracity of the allegations contained in this paragraph and, therefore, deny same. By way of further

answering, Defendants deny Plaintiff's line of apparel and equipment is the result of an "ingenious" plan.

11.    Defendants are without information sufficient to form a belief as to the veracity of the allegations contained in this paragraph and, therefore, deny same.

12.    Defendants admit Plaintiff uses the phrase NEVER STOP EXPLORING on some of its marketing materials and products. Defendants are without information sufficient to form a belief as to the veracity of the remaining allegations contained in this paragraph and, therefore, deny same.

13.    Defendants are without information sufficient to form a belief as to the veracity of the allegations contained in this paragraph and, therefore, deny same.

14.    Defendants admit Plaintiff has attached documents to its Complaint which it has identified as Exhibit A. Defendants respectfully refer the Court to the documents themselves for a complete determination of their terms and proper interpretation. Defendant is without information sufficient to form a belief as to the common law rights Plaintiff identified in this paragraph and, therefore, deny same.

15.    Defendants admit Plaintiff's products include a range of apparel and outdoor products bearing THE NORTH FACE upon them. Defendants are without information sufficient to form a belief as to the veracity of the remaining allegations contained in this paragraph and, therefore, deny same.

16.    Defendants are without information sufficient to form a belief as to the veracity of the allegations contained in this paragraph and, therefore, deny same.

17.    Defendants are without information sufficient to form a belief as to the veracity of the allegations contained in this paragraph and, therefore, deny same.

18.    Defendants are without information sufficient to form a belief as to the veracity of the allegations contained in this paragraph and, therefore, deny same.

19.    Defendants admit THE NORTH FACE is featured prominently in the advertising and promotion of THE NORTH FACE products. Defendants further admit THE NORTH FACE is prominently displayed on THE NORTH FACE PRODUCTS. Defendants are without information sufficient to form a belief as to the veracity of the remaining allegations contained in this paragraph and, therefore, deny same.

### Defendants' Conduct

20.    Admit.

21.    Defendants admit they manufacture, advertise, distribute, offer for sale and/or sell a line of fleece jackets, T-shirts, and other apparel under trademarks, including "The South Butt" and "Never Stop Relaxing" as well as the design included in this paragraph of the Complaint. Defendants deny the remaining allegations contained in this paragraph.

22.    Defendants admit they presently offer fleece jackets, T-shirts, and other apparel items bearing their trademarks. Defendants deny the remaining allegations contained in this paragraph.

23.     Defendants admit they manufacture, distribute, advertise, offer for sale and sell fleece jackets. Defendants deny the remaining allegations contained in this paragraph. By way of further answering, and without in any way intending to demean anyone who may perceive the North Face "Denali" jacket as rising to the level of a religious work of art, Defendants specifically state that Plaintiff's "Denali" Jacket is no more "iconic" than The South Butt half ass design.

24.    Defendants admit they used the image displayed in this paragraph on their website. Defendants deny the remaining allegations contained in this paragraph.

25.     Defendants admit they used the image displayed in this paragraph on their website. Defendants deny the remaining allegations contained in this paragraph.

26.     Defendants admit their products are available for sale on their website, which is located at the web address identified in this paragraph as well as in Williams Pharmacies' stores located in the St. Louis, Missouri area. Defendants deny the remaining allegations contained in this paragraph.

27.     Defendants admit their website identifies Williams Pharmacies as the seller of Defendants' products and lists contact information for Williams Pharmacies therein. Defendants deny the remaining allegations contained in this paragraph.

28.     Defendants admit they feature and promote their products on Facebook and Twitter, which are available online at the websites identified in this paragraph.

29.     Defendants admit Williams Pharmacies advertises The South Butt products in the front window of one of its retail stores, on the sidewalk in front of one of its retail stores and on the Williams Pharmacies' website. Defendants deny the remaining allegations contained in this paragraph.

30.     Defendants admit that purchasers of their products receive a sticker with each purchase and that the sticker features the The South Butt website and trademark. Defendants deny the remaining allegations contained in this paragraph.

31.     Defendants admit the Ladue Pharmacy is a Williams Pharmacies retail location and that the owner of Ladue Pharmacy earns income from the sale of The South Butt products. Defendants deny the remaining allegations contained in this paragraph.

32.     Admit.

33.     Defendants are without information sufficient to form a belief as to the veracity of the allegations contained in this paragraph and, therefore, deny same.

34. Defendants admit counsel for Plaintiff contacted Defendants to request they stop manufacturing, distributing, selling and offering The South Butt products for sale. Defendants admit Plaintiff has attached a document to its Complaint, which it has labeled Exhibit E. Defendants respectfully refer the Court to that document itself for a proper determination of its significance. Defendants admit Plaintiff opposed their first trademark application. Defendants deny the remaining allegations contained in this Complaint.

35. Defendants reserve its right to respond to the allegations contained in this paragraph pending the resolution of a Motion to Strike which has been filed contemporaneously herewith.

36. Defendants reserve the right to respond to the allegations contained in this paragraph pertaining to the subject matter of a Motion to Strike, which has been filed contemporaneously herewith. Defendants admit to attempting to register "The South Butt" with the U.S. Patent and Trademark Office. Defendant denies the remaining allegations contained in this paragraph.

37. Defendants admit they provided correspondence between the parties, a press release and interviews to members of the media following Plaintiff's initial attempt to bully Defendants out of the marketplace. Defendants are unaware of what Plaintiff means when it says "actively pursuing media coverage concerning the matters described herein" and, accordingly, are without information sufficient to form a belief as to the veracity of that allegation and, therefore, deny same. To the extent Plaintiff is asserting The South Butt has actively sought to publicly expose and commercially exploit the counterintuitive, unreasonable, illogical and socialist tactics, posture, demands and tenor of North Face, Defendants admit same.

38.    Defendants admit Plaintiff has attached documents to its Complaint which it has marked Exhibits J and I. Defendants respectfully refer the Court to those documents for a complete evaluation of their contents, interpretation and significance.

39.    Defendants reserve the right to more fully respond to the allegations contained in this paragraph which are the subject of a Motion to Strike, which was filed contemporaneously herewith. Defendants admit Plaintiff has attached documents to its Complaint which it has marked Exhibit I. Defendants respectfully refer the Court to those documents for a complete evaluation of their contents, interpretation and significance. Defendants deny the remaining allegations contained in this paragraph.

40.    Defendants admit Plaintiff has attached documents to its Complaint which it has marked Exhibit I. Defendants respectfully refer the Court to those documents for a complete evaluation of their contents, interpretation and significance. By way of further answering, Defendants are unaware of what Plaintiff means when it says "actively solicited additional retail locations [ . . . ] and "' Campus Reps'" and, accordingly, are without information sufficient to form a belief as to the veracity of those allegations and, therefore, deny same. Defendants deny the remaining allegations contained in this paragraph. To the extent Plaintiff is asserting South Butt has sought and is seeking to increase its sales, retail or otherwise, Defendants admit same.

41.    Defendants admit they withdrew their first South Butt Trademark Application due to their then lack of access to the funds and resources necessary to litigate the matter or otherwise address the challenge thereof proffered by North Face.

42.    Defendants admit Plaintiff has attached documents to its Complaint which it has marked Exhibit K. Defendants respectfully refer the Court to those documents for a complete evaluation of their contents, interpretation and significance.

43.     Defendant lacks information sufficient to form a belief as to the veracity of the allegation contained in this paragraph and, therefore, denies same.

44.     Defendants admit they have knowingly manufactured, advertised, offered for sale, sold and distributed their products bearing their trademarks in interstate and intrastate commerce, including commerce in the State of Missouri and in this judicial district. Defendants also admit they knowingly advertised and promoted their products using their trademarks on their website and by displaying the products at Williams Pharmacies. Defendants deny the remaining allegations contained in this paragraph.

45.     Deny.

46.     Admit.

47.     Deny.

48.     Defendants incorporate by reference their responses to the preceding allegations as if fully set forth herein.

49.     Defendants admit THE NORTH FACE has become associated "in the public mind" with the products produced by Plaintiff. Defendant denies Plaintiff's Denali Jacket is "iconic". Defendants are without information sufficient to form a belief as to the veracity of the remaining allegations contained in this paragraph and, therefore, deny same.

50.     Defendants admit they do not have (nor does The South Butt desire to have) Plaintiff's authorization or consent to do anything, including exist. Defendants admit to having knowledge of Plaintiff's use of THE NORTH FACE on its products. The South Butt specifically denies its trademarks are confusingly similar to the THE NORTH FACE marks noting for the Court:

    a.  The only similarity in the text of the Defendant limited liability company's logo with that of the Plaintiff is the word "The";

b.  The font used by The South Butt is difference from that employed by the Plaintiff;

c.  The situs of the logo employed by The South Butt on its apparel is the opposite of the situs of the logo employed by North Face on its apparel;

d.  The text "The South Butt" is patently dissimilar to, in fact the non-salacious opposite of, "North Face."

e.  The "half ass" design portion of The South Butt logo is comprised of two stripes curved in a butt-like fashion upward from the left side of the "The South Butt" text while the "half dome" design mark of the North Face is comprised of three thinner lines curved downward from the right side of the text "The North Face."

f.  The South Butt products are not sold at any on-site retail location which sells North Face products.

The South Butt admits it has intentionally and knowingly advertised, manufactured, distributed, offered for sale and/or sold its products to the consuming public in or affecting interstate commerce. In fact, advertising, manufacturing, distributing, offering for sale and selling their products is Defendants' plan for generating revenue for Defendants. Defendants deny the remaining allegations contained in this paragraph, but affirmatively express gratitude for the actions of The North Face in accelerating and furthering these undertakings.

51.  Deny.

52.  Deny.

53.  Deny.

54.  Deny.

55.  Deny.

56.  Deny.

57.    Defendants hereby incorporate by reference their responses to the preceding allegations of the Complaint as if fully set forth herein.

58.    Defendants are without information sufficient to form a belief as to the veracity of the allegations contained herein and, therefore, deny same.

59.    Deny.

60.    Defendants admit they do not have authorization from Plaintiff to do anything at all.  Defendants deny the remaining allegations contained in this paragraph.

61.    Deny.

62.    Deny.

63.    Deny.

64.    Defendants hereby incorporate by reference their responses to the preceding allegations of the Complaint as if fully set forth herein.

65.    Defendants admit they produce apparel and accessories.  Defendants deny the remaining allegations contained in this paragraph.

66.    Deny.

67.    Deny.

68.    Deny.

69.    Deny.

70.    Deny.

71.    Defendants hereby incorporate by reference their responses to the preceding allegations of the Complaint as if fully set forth herein.

72.    Deny.

73.    Defendants admit they supply Williams Pharmacies with their products. Defendants deny the remaining allegations contained in this paragraph.

74.    Defendants admit they directly control and monitor the advertisement, distribution, offer for sale and/or sale of their products.  Defendants deny the remaining allegations contained in this paragraph.

75.    Deny.

76.    Deny.

77.    Admit.

78.    Deny.

79.    Defendants hereby incorporate by reference their responses to the preceding allegations of the Complaint as if fully set forth herein.

80.    Defendants admit THE NORTH FACE has become associated with Plaintiff's products.  Defendants are without information sufficient to form a belief as to the veracity of the remaining allegations contained in this paragraph and, therefore, deny same.

81.    Deny.

82.    Deny.

83.    Deny.

84.    Deny.

85.    Defendants incorporate by reference their responses to the preceding allegations of the Complaint as if fully set forth herein.

86.    Defendants admit THE NORTH FACE has become associated with Plaintiff's products.  Defendants are without information sufficient to form a belief as to the veracity of the remaining allegations contained in this paragraph and, therefore, deny same.

87.    Deny.

88.    Deny.

89.    Deny.

90.     Deny.

91.     Defendants incorporate by reference their responses to the preceding allegations of the Complaint as if fully set forth herein.

92.     Defendants are without information sufficient to for a belief as to the veracity of the allegations contained in this paragraph and, therefore, deny.

93.     Deny.

94.     Deny.

95.     Deny.

96.     Deny.

WHEREFORE, with the punctilio of appreciation for the benefit received by The South Butt by virtue of the initiation of this Complaint by North Face, and with a significant amount of marketing rue, Defendants respectfully request this Honorable Court enter judgment in favor of Defendants and against Plaintiff as follows:

1.  Deny Plaintiff's request for a preliminary and permanent injunction;

2.  Enter a judgment finding that Defendants have not infringed Plaintiff's Trademarks;

3.  Enter a judgment finding that Defendants have not diluted Plaintiff's Trademarks;

4.  Enter a judgment finding that Defendants' use of Defendants' Trademarks have not caused and/or are not likely to cause confusion among the general purchasing public as to the source of origin of Defendants' products.

5.  Enter a judgment finding that Defendants' use of Defendants' Trademarks have not cause and/or are not likely to cause initial interest and post-sale confusion among the general purchasing public as to the source of origin of Defendants' products.

6.  Enter a judgment finding that the use or proposed use of the Pending South Butt Trademark Application does not cause confusion or is not likely to cause confusion

with THE NORTH FACE Trademarks, does not dilute the THE NORTH FACE Trademarks and is not likely to cause dilution of the THE NORTH FACE Trademarks.

7. Certify the above orders to the Director of the U.S. Patent and Trademark Office so the Director may make the appropriate entry upon the records of the Patent and Trademark Office.

8. Deny Plaintiff's prayer for monetary damages.

9. Award Defendants' their reasonable attorneys' fees and costs incurred in connection with this action.

10. Grant such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## AFFIRMATIVE DEFENSES

### I.    LACHES – ALL COUNTS

1.    Plaintiff claims it will suffer irreparable injury if not granted a preliminary injunction during the pendency of this matter.

2.    Plaintiff alleges in its Complaint that it became aware of Defendants' allegedly injurious conduct on or about August 4, 2009.

3.    Plaintiff alleges in its Complaint that it became aware that Defendants' have no intention of permitting Plaintiff to bully them out of business on or about September 10, 2009.

4.    Plaintiff did not file its Complaint until December 10, 2009.

5.    When filing their Complaint, Plaintiff failed to file an application, verified or otherwise, for injunctive relief.

6.    When filing their Complaint, and to date, Plaintiff has not yet procured a hearing date on which a hearing of Plaintiff's requested Preliminary Injunction would take place.

7.    It is apparent from Plaintiff's conduct that time is not of the essence and that irreparable harm will not immediately inure to the detriment of Plaintiff absent equitable relief of the nature sought herein by Plaintiff.

8.    Plaintiff is barred by the doctrine of Laches from seeking a preliminary injunction in connection with this matter.

## II.    1st AMENDMENT – FREEDOM OF EXPRESSION – ALL COUNTS

1.    The invocation of a state or federal statute to muzzle Defendants' right to express themselves is restricted by the 1st Amendment to the U.S. Constitution.

2.    Defendants' Trademarks are a parody of Plaintiff's products.

3.    Plaintiff's products are marketed as products that are to be used in furtherance of an adventurous lifestyle full of exploring, climbing, hiking, skiing and other outdoor activities.

4.    Plaintiff's products are generally perceived and actively marketed to be expensive items for the "exploring" consumer.

5.    Despite Paragraph 3 and because of Paragraph 4, Plaintiff's products are perceived as being largely consumed by those who have little to no interest in living an adventurous lifestyle, but, rather, are interested in acquiring Plaintiff's products for the status and/or notoriety they receive from being seen in Plaintiff's expensive apparel and accessories.

6.    Defendants recognized this bizarre phenomenon.

7. Defendants, utilizing parody, are making a bona fide social commentary on the pervasive banality, frivolity, absurdity and comedic nature of the consumer culture and those who participate therein.

8. Defendants' speech is noncommercial speech entitled to the fullest protection afforded under the First Amendment, that protection being labeled "strict scrutiny".

9. The government's interest in protecting the integrity of Plaintiff's Trademark from parody is not compelling and does not warrant placing restriction upon Defendants pure noncommercial speech.

**III.   UNCLEAN HANDS  - ALL COUNTS**

1. Further answering, and by way of affirmative defense, Plaintiff comes to this Honorable Court seeking equitable relief with unclean hands.

2. Although Plaintiff has not likely been damaged, any damage which may have inured to the detriment of North Face by virtue of the marketplace presence of The South Butt is a direct and proximate result of the socially irresponsible, consumer backlash inducing, bully-like and erroneously premised demands and actions of North Face designed to do nothing more than rid the consuming public of freedom of choice and stifle pursuit of the American Dream.

**IV.   FAILURE TO STATE A CLAIM – ALL COUNTS**

1. Further answering, and by way of affirmative defense, Plaintiff has failed to state a cause of action upon which any relief being sought by Plaintiff herein can be granted by virtue of the fact that on its face, (north, south or otherwise), the Complaint is, in a *res ipsa loquitor* sense, premised on the patently lawful, permissible activity and actions of The South Butt.

2.  Further answering, and by way of affirmative defense, Plaintiff has failed to state a cause of action upon which any relief being sought by Plaintiff herein can be granted by virtue of the fact that The South Butt and North Face are serving different market functions, namely: the target marketing of explorers versus the relaxers.

KODNER WATKINS MUCHNICK & WEIGLEY, LC


By: ___ /s/ Albert S. Watkins _____
ALBERT S. WATKINS, LC #10651
MICHAEL D. SCHWADE, #5214077
7800 Forsyth Boulevard, Suite 700
Clayton, Missouri 63105
(314) 727-9111
(314) 727-9110 Facsimile
albertswatkins@kwmwlaw.com
mschwade@kwmwlaw.com

## CERTIFICATE OF SERVICE

Signature above is also certification that on January 4, 2010 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to:

David A. Roodman
Michael A. Kahn
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102-2750

G. Roxanne Elings
Heidi Garfield
200 Park Avenue, 34th Floor
New York, NY 10166

*Attorneys for Plaintiff*