IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE NORTH FACE APPAREL CORP., ) <br> A Delaware Corporation ) <br> ) <br> v. ) <br> ) <br> WILLIAMS PHARMACY, INC., ) <br> JAMES A. WINKELMANN, JR., ) <br> And THE SOUTH BUTT, LLC ) | Case no. 4:09-cv-02029 |

## JOINT MOTION TO DISMISS OF DEFENDANTS JAMES A. WINKELMANN, JR. AND THE SOUTH BUTT, LLC

COME NOW James A. Winkelmann, Jr. and The South Butt, LLC, by and through counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure respectfully move this Court to dismiss all seven counts of Plaintiff's Complaint against Defendants Winkelmann and The South Butt, LLC. In support of this motion, Defendants state the following:

1. On December 10, 2009, Plaintiff filed a seven (7) count Complaint against Defendants alleging federal trademark infringement, federal trademark dilution, federal false designation of origin, contributory trademark infringement, common law trademark infringement, common law unfair competition and state Trademark Dilution.

2. All facts alleged in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).

3. A motion to dismiss should not be granted unless the plaintiff can prove no set of facts entitling him to relief. *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003).

### I. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED – ALL COUNTS

1. While Plaintiff has plead the requisite elements in its numbered paragraphs, Plaintiff has also attached eleven (11) exhibits to its Complaint, which it presents to buttress the allegations contained in its numbered paragraphs.

2. In addition to its eleven (11) numbered exhibits, Plaintiff has elected to incorporate, within the text of Plaintiff's Complaint, its marks and/or products on pages 1, 2, 5, 6 and 9 and Defendants' marks and/or products on pages 2, 8, 9, 10 and 11.

3. Unfortunately, the pleading Plaintiff includes in its Complaint's numbered paragraphs is not supported, and is indeed contradicted, by those documents and images Plaintiff has attached to its Complaint, to wit:

   a. Plaintiff alleges in Paragraph 59, 61, 72, 73, 74, 75, 78, 82, 87, 88, 90, 93 and 95 that Defendants' conduct was done with the willful intent to trade on Plaintiff's reputation and/or to willfully cause dilution of Plaintiff's trademarks or otherwise intentionally unfairly compete with Plaintiff. Those paragraphs are directly contradicted by Exhibits H, I and K, wherein *prior* to the filing of Plaintiff's Complaint Defendants indicated their intent was not to infringe, but to parody and, further, that their products were not offered in violation of any rights Plaintiff may have.

   b. Plaintiff alleges in Paragraph 66 that Defendants have misrepresented and falsely described to the general public the origin and source of Defendants' products. That allegation is directly contradicted by Exhibits H, I and K wherein Defendants, in speaking with the media, which then communicated to the public, that their products are specifically **not** affiliated with The North Face.

c. A comparison of the incorporated photographs of Plaintiff's products against the incorporated photographs of Defendants' products renders Plaintiff incapable of establishing the requisite elements of each of their seven (7) counts as alleged in the Complaint.

d. In a *res ipsa loquitor* sense, the dissimilarity of the marks speak for themselves, and it is impossible for Plaintiff to meet its burden of showing a likelihood of confusion or dilution. Accordingly, the Complaint is facially deficient.

4. The intent of an allegedly infringing party is of critical concern to the Court in evaluating each of the seven claims for relief set forth by Plaintiff. Plaintiff's own exhibits belie its claim that Defendants' had the intent to violate Plaintiff's rights when engaging in undertakings relative to the business of The South Butt, LLC.

5. The likelihood of confusion or dilution is a necessary element to each of Plaintiff's causes of action.

6. Absent the capacity to demonstrate Defendants' intent to deceive or confuse and without the ability to demonstrate a likelihood of confusion, Plaintiff cannot make the *prima facie* showing it needs to make in order to have properly plead the claims contained in its Complaint.

WHEREFORE Defendants pray that this Honorable Court dismiss each count of Plaintiff's Complaint as to Defendants Winkelmann and The South Butt, LLC and for such other and further relief as the Court may deem just and proper.

## II. **FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED – TRADE DRESS**

1. Plaintiff references its alleged "trade dress" throughout its Complaint.

2. Plaintiff does not specifically seek relief for any injury relating to the alleged violation of its trade dress rights.

3. Plaintiff has failed to plead what qualifies its alleged "trade dress" as distinctive or arbitrary with sufficient specificity to support the notion that those features are, in fact, distinctive, nonfunctional and have secondary meaning.

4. As such, Plaintiff's references to "trade dress" are merely conclusory and insufficient to satisfy the pleading requirements of FRCP 8.

5. In addition to its failure to plead "trade dress" with sufficient specificity, Plaintiff has failed to allege which, if any, of Defendants' products infringe upon Plaintiff's "trade dress" and how each does so.

6. Because the allegations relating to "trade dress" do not satisfy FRCP 8, Plaintiff's trade dress claim(s) should be stricken and Plaintiff should not be permitted to pursue any claim for violation of its alleged "trade dress" rights.

WHEREFORE Defendants pray that this Honorable Court strike all references to Plaintiff's "trade dress" in its Complaint, including, but not limited to, references found in Paragraphs 12, 15, 23, 49, 50 and 52 and that Plaintiff be barred from proceeding on any action relative to purported violation of any trade dress rights to which it may be entitled and for such other and further relief as the Court deems just and proper.

KODNER WATKINS MUCHNICK & WEIGLEY, LC

By: _____
ALBERT S. WATKINS, LC #10651
MICHAEL D. SCHWADE, #5214077
7800 Forsyth Boulevard, Suite 700
Clayton, Missouri 63105
(314) 727-9111
(314) 727-9110 Facsimile

albertswatkins@kwmwlaw.com
mschwade@kwmwlaw.com

## CERTIFICATE OF SERVICE

Signature above is also certification that on January 4, 2010 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to:

David A. Roodman
Michael A. Kahn
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102-2750

G. Roxanne Elings
Heidi Garfield
200 Park Avenue, 34th Floor
New York, NY 10166

*Attorneys for Plaintiff*