UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE NORTH FACE APPAREL CORP.,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAMS PHARMACY, INC.,<br>JAMES A. WINKELMANN, JR., and<br>THE SOUTH BUTT, LLC,<br><br>Defendants. | No. 4:09CV2029RWS |

## MEMORANDUM AND ORDER

Plaintiff The North Face Apparel Corp. brings this lawsuit for trademark infringement and dilution against Defendants Williams Pharmacy, Inc., James A. Winkelmann, Jr., and The South Butt, LLC. The North Face is an outdoor equipment and apparel company with an international market. In 2007, Winkelmann launched The South Butt as an apparel company in Missouri. Williams Pharmacy is a retail pharmacy that carries The South Butt products.

In this lawsuit, The North Face seeks an order preliminarily and permanently enjoining the defendants from infringing and diluting The North Face trademarks by using or selling The South Butt products under a confusingly similar trademark. The North Face alleges that counsel for Defendants Winkelmann and The South Butt offered to sell The South Butt to The North Face

for $1,000,000. The North Face attached a copy of Winkelmann and The South Butt's letter offering to sell the company.

Winkelmann and The South Butt have moved to strike any reference to Winkelmann's offer to sell The South Butt to The North Face because the Federal Rules of Evidence prohibit the admission of settlement offers as evidence. Because allegations in the pleadings are not evidence, I will deny Winkelmann and The South Butt's motion.

*Legal Standard*

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Rule requires that any motion to strike be filed either before responding to a pleading or, if a response is not required, within 20 days after being served with the pleading. Fed. R. Civ. P. 12(f)(2). Motions to strike are viewed with disfavor and are infrequently granted. Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, at 394 (3d ed. 2004). Because Rule 12(f) motions are often used as a delay tactic, there is general judicial agreement "that they should be denied unless the challenged allegations have no possible relation

or logical connection to the subject matter of the controversy." 5C Wright & Miller, § 1380, at 436.

*Discussion*

Winkelmann and The South Butt argue that paragraphs 35 and 36 of the complaint as well as Exhibit F must be stricken under Rule 12(f) because the allegations relate to compromise attempts and are therefore inadmissible under Fed. R. Evid. 408. Although Winkelmann and The South Butt do not explain why they believe inadmissible allegations should be stricken under Rule 12(f), I assume they mean the allegations are immaterial and impertinent, as opposed to redundant or scandalous.

Rule 408 provides,

> **Compromise and Offers to Compromise**
>
> **(a) Prohibited uses.**—Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>
> > (1) furnishing or offering or promising to furnish—or accepting or offering or promising to accept—a valuable consideration in compromising or attempting to compromise the claim; and
> >
> > (2) conduct or statements made in compromise negotiations regarding the claim, except when

> offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.
>
> **(b) Permitted uses.**—This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

Allegations in a complaint are not evidence. Rule 408, by its terms, applies only to evidence. Even if the statements are later determined to be inadmissible under Rule 408, they need not be stricken from the pleadings. See Peace Software, Inc. v. Hawaiian Elec. Co., Inc., No. 09-00408 SOM/LEK, 2009 WL 3923350 (D. Haw. Nov. 17, 2009) (rejecting argument that statements made in settlement negotiations must be stricken from the pleadings); Providence Town Ctr. LP v. Raymours Furniture Co., Inc., No. 09-3902, 2009 WL 3821935 (E.D. Pa. Nov. 13, 2009) (denying motion to strike where parties disputed whether the statement will be admissible); Chicago Ins. Co. v. Health Care Indem., Inc., No. 3:09-0659, 2009WL 3380387 (S.D. W.Va. Oct. 20, 2009) (denying motion to strike because no prejudice would result as the evidence could later be excluded under Rule 408).

Whether Winkelmann's offer "to sell" The South Butt is a settlement negotiation that must be excluded under Rule 408 is an evidentiary issue that should be raised <u>in limine</u>.  It is premature to decide this evidentiary issue in a motion to strike.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant James A. Winkelmann, Jr. and The South Butt, LLC's motion to strike [#21] is **DENIED**.

Dated this 9th Day of February, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE