## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

THE NORTH FACE APPAREL CORP.,)
                          )
        Plaintiff,       )
                          )
     v.              )     No. 4:09CV2029RWS
                          )
WILLIAMS PHARMACY, INC.,  )
JAMES A. WINKELMANN, JR., and )
THE SOUTH BUTT, LLC,     )
                          )
        Defendants.     )

## MEMORANDUM AND ORDER

Plaintiff The North Face Apparel Corp. brings this lawsuit for trademark infringement and dilution against Defendants Williams Pharmacy, Inc., James A. Winkelmann, Jr., and The South Butt, LLC. The North Face is an outdoor equipment and apparel company with an international market. In 2007, Winkelmann launched The South Butt as an apparel company in Missouri. Williams Pharmacy is a retail pharmacy that carries The South Butt products.

In this lawsuit, The North Face seeks an order preliminarily and permanently enjoining the defendants from infringing and diluting The North Face trademarks by using or selling The South Butt products under a confusingly similar trademark. Defendant Williams Pharmacy has moved to strike the complaint's "introduction" and any references to trade dress or The North Face's

Denali jacket because The North Face does not bring a claim for trade dress infringement. Because the introduction and mention of the Denali jacket and trade dress provide context to this litigation and are neither redundant, immaterial, impertinent, nor scandalous, I will deny Williams Pharmacy's motion.

## *Background*

The North Face filed a seven-count complaint which contains the following counts: (1) Trademark Infringement under 15 U.S.C. § 1114; (2) Federal Trademark Dilution under 15 U.S.C. § 1125(c); (3) False Designation of Origin under 15 U.S.C. § 1125(a); (4) Contributory Trademark Infringement; (5) Common Law Trademark Infringement; (6) Common Law Unfair Competition; and (7) Violation of Missouri Anti-Dilution Statute. The complaint begins with a three paragraph "introduction" that describes the history of The North Face, summarizes the nature of the claims, and describes The North Face's "iconic" Denali jacket. Although the complaint does not contain a trade dress claim, The North Face refers to its "best-selling" and "iconic" Denali jacket in paragraphs 12, 15, 23, and 49. In paragraphs 15, 49, 50 and 52, The North Face alleges that it has trade dress rights in the Denali jacket and that Defendants are trading on its trademarks and trade dress.

***Legal Standard***

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Striking a party's pleading is an extreme measure. <u>BJC Health Sys. v. Columbia Cas. Co.</u>, 478 F.3d 908, 917 (8th Cir. 2007). Motions to strike are viewed with disfavor and are infrequently granted. <u>Lunsford v. United States</u>, 570 F.2d 221, 229 (8th Cir. 1977); 5C Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 1380, at 394 (3d ed. 2004). Because Rule 12(f) motions are often used as a delay tactic, there is general judicial agreement "that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy." 5C Wright & Miller, § 1380, at 436.

*Discussion*

Williams Pharmacy moves to strike the introduction and all references to trade dress and the Denali jacket. The North Face argues that Williams Pharmacy's motion is void because it was not made before Williams Pharmacy filed its answer, that there is no trade dress infringement count to strike or dismiss, and the introduction is proper under Fed. R. Civ. P. 8.[1]

The North Face first argues that Williams Pharmacy's motion to strike is procedurally and fatally defective because it was untimely. The North Face argues that the motion "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). Rule 12(e) applies to motions for a more definite statement, not motions to strike, and is therefore inapplicable here.

Motions to strike have their own time limitation. Rule 12(f) requires that any motion to strike be filed either before responding to a pleading or, if a response is not required, within 20 days after being served with the pleading. Fed. R. Civ. P. 12(f)(2). That time limitation is flexible, however. A court may

---

[1] Under Local Rule 4.01(C), the moving party may file a reply memorandum within seven (7) days after being served with a memorandum in opposition. Williams Pharmacy's reply was due January 26, 2010. No reply was filed.

consider an untimely motion to strike because it may strike material from the pleadings on its own initiative.  Fed. R. Civ. P. 12(f)(1); Lunsford, 570 F.2d at 227 n.11.

Williams Pharmacy filed its answer at 4:26 p.m. on January 4, 2010 and this motion to strike just five minutes later, at 4:31 p.m.  I will not reject Williams Pharmacy's motion simply because it was filed five minutes after its answer.  The better approach is to address the issue on its merits.

Williams Pharmacy seeks to strike all references to trade dress and the Denali jacket because they are immaterial and impertinent.  The North Face argues that its distinctive apparel designs are relevant to this litigation because the similarity of its products and The South Butt's products must be considered when making a determination whether the two marks are likely to cause confusion among customers.

A motion to strike will usually not be granted "[u]nless it is clear that the portion of the pleading has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendant."  Williams v. Hawkeye Cmty. Coll., 494 F. Supp. 2d 1032, 1043 (N.D. Iowa 2007).  In this case, mention of trade dress and the Denali jacket may bear on the issue of whether the marks are likely to cause confusion among consumers.  Williams Pharmacy has not identified how the

portions of the complaint referencing trade dress and the Denali jacket prejudice it in any way.  As a result, I will deny the motion to strike any mention of trade dress or the Denali jacket from the complaint.

Williams Pharmacy also seeks to dismiss any trade dress claims that may be included in the complaint.  The North Face acknowledges that the complaint does not contain a count alleging trade dress infringement.  To the extent that Williams Pharmacy seeks to dismiss a trade dress claim on this basis, I will deny the motion as moot.

Williams Pharmacy moves to strike The North Face's introduction because it is not countenanced by Rule 8, serves no purpose, and is redundant.  The North Face responds that "[n]o technical form is required" for pleadings under Rule 8. Fed R. Civ. P. 8(d).

The information contained in the introduction provides important context and background to The North Face's allegations.  Cf. Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000) (finding district court abused its discretion by striking information that was not per se relevant to the claim, but provided context and background information).  Therefore, I will not strike the introduction from The North Face's complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Williams Pharmacy, Inc.'s

motion to strike [#25] is **DENIED**.

Dated this 9th Day of February, 2010.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE