UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

THE NORTH FACE APPAREL CORP., )
                               )
       Plaintiff,              )
                               )
v.                             )   No. 4:09CV2029RWS
                               )
WILLIAMS PHARMACY, INC.,       )
JAMES A. WINKELMANN, JR.,      )
and THE SOUTH BUTT. LLC,       )
                               )
       Defendants.             )

## MEMORANDUM AND ORDER

*It's a strange world of language*
*in which skating on thin ice can get you into hot water.*
    ~ Franklin P. Jones

Plaintiff The North Face Apparel Corp. brings this lawsuit for trademark infringement and dilution against Defendants Williams Pharmacy, Inc., James A. Winkelmann, Jr., and The South Butt, LLC. The North Face is an outdoor equipment and apparel company with an international market. In 2007, Winkelmann launched The South Butt as an apparel company in Missouri. Williams Pharmacy is a retail pharmacy that carries The South Butt products.

In this lawsuit, The North Face seeks an order preliminarily and permanently enjoining the defendants from infringing and diluting The North Face trademarks by using or selling The South Butt products under a confusingly

similar trademark. Defendants Winkelmann and The South Butt have moved to dismiss all counts for failure to state a claim. For the reasons set forth below, I will deny Winkelmann and The South Butt's motion.

***Background relevant to this motion***

The North Face filed a seven-count complaint which contains the following counts: (1) Trademark Infringement under 15 U.S.C. § 1114; (2) Federal Trademark Dilution under 15 U.S.C. § 1125(c); (3) False Designation of Origin under 15 U.S.C. § 1125(a); (4) Contributory Trademark Infringement; (5) Common Law Trademark Infringement; (6) Common Law Unfair Competition; and (7) Violation of Missouri Anti-Dilution Statute.

The complaint begins with a three paragraph "introduction" that describes the history of The North Face, summarizes the nature of the claims, and describes The North Face's "iconic" Denali jacket. The North Face refers to its "best-selling" and "iconic" Denali jacket in paragraphs 12, 15, 23, and 49. In paragraphs 15, 49, 50 and 52, The North Face alleges that it has trade dress rights in the Denali jacket and that Defendants are trading on its trademarks and trade dress.

The complaint also alleges that the Defendants willfully intended to trade on The North Face's reputation and willfully caused dilution of The North Face's

trademarks. Another allegation in the complaint is that Defendants have misrepresented and falsely described to the general public the origin and source of Defendants' products. Attached to the complaint as Exhibits H, I and K were press releases and news articles that quoted Defendants informing the media that their products are not affiliated with The North Face and indicating it is not their intent to infringe on The North Face's trademarks.

### *Legal Standard*

When ruling on a motion to dismiss for failure to state a claim, I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). To avoid dismissal for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson, 127 S. Ct. at 2200. Although the specific facts are not necessary, the plaintiff must allege facts sufficient to give fair notice of what the claim is and the grounds upon which it rests. Id. "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more that an 'sheer

possibility.' It is not however a 'probability requirement.'" <u>Braden v. Wal-Mart Stores</u>, 588 F.3d 585, 594 (8th Cir. 2009).

*Discussion*

Winkelmann and The South Butt argue The North Face's claims should be dismissed on two bases. Winkelmann and The South Butt argue that The North Face has failed to state a claim for trade dress infringement.[1] Winkelmann and The South Butt also argue that because the complaint contains attachments quoting their attorney and Winkelmann that are inconsistent with The North Face's allegations, the complaint should be dismissed in its entirety.

*Trade dress*

Winkelmann and The South Butt argue that The North Face has failed to state a claim for trade dress infringement because it has failed to plead what qualifies its alleged trade dress as distinctive or arbitrary with sufficient specificity to support the notion that those features are distinctive, nonfunctional and have secondary meaning. The North Face acknowledges that the complaint does not

---

[1] In the prayer for relief, Winkelmann and The South Butt ask to the Court to strike all references to trade dress, but the motion is titled a motion to dismiss. Winkelmann and The South Butt's argument appears to be under Rule 12(b)(6) and not under Rule 12(f). Therefore, I interpret their motion as one to dismiss a trade dress claim and not one to strike references to trade dress. If Winkelmann and The South Butt intended this filing as a motion to strike, I would deny their motion for the reasons stated in my order denying Williams Pharmacy's motion to strike.

contain a count alleging trade dress infringement. As a result, I will deny as moot Winkelmann and The South Butt's motion to dismiss the trade dress claim.

*The complaint in its entirety*

Winkelmann and The South Butt acknowledge that The North Face has pleaded the requisite elements to state a claim for relief. They argue, however, that the complaint should be dismissed in its entirety because the complaint contains attachments quoting *Winkelmann* and *his* attorney that are inconsistent with The North Face's allegations and because a comparison of the marks shows that The North Face cannot possibly show a likelihood of confusion or dilution. The North Face argues that Winkelmann and The South Butt's motion could be described as frivolous.

The complaint alleges that the Defendants willfully intended to trade on The North Face's reputation and willfully caused dilution of The North Face's trademarks and that Defendants have misrepresented and falsely described to the general public the origin and source of Defendants' products. The attachments that Defendants deem fatal to The North Face's complaint were press releases and news articles that quoted *the Defendants* informing the media that their products are not affiliated with The North Face and indicating it is not *their* intent to infringe on The North Face's trademarks. The North Face correctly argues that the

Defendants' self-serving statements made in anticipation of this litigation are not an appropriate basis for a motion to dismiss. Whether Defendants' statements are credible is an issue to be determined at a later time and not in a motion to dismiss.

Winkelmann and The South Butt also argue that the marks are so dissimilar that The North Face cannot possibly prevail. I do not find it to be implausible that the marks cannot cause a likelihood of confusion or dilution.

I remind counsel of their obligations under Rule 11 and that, with each filing, they certify to the Court that the motion is not being presented to harass, cause unnecessary delay or needlessly increase the cost of litigation and that the legal contentions are warranted by existing law or *nonfrivolous* arguments for extending, modifying, or reversing existing law or for establishing new law. Although this filing may not reach the level of frivolity, it approaches the line.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Winkelmann and The South Butt's joint motion to dismiss [#28] is **DENIED**.

Dated this 9th Day of February, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE