IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE NORTH FACE APPAREL CORP., | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) Case No. 4:09-cv-02029-RWS |
| WILLIAMS PHARMACY, INC. JAMES A. WINKELMANN, JR., and THE SOUTH BUTT LLC, | ) ) ) ) |
| Defendants. | ) ) |

**STIPULATED PROTECTIVE ORDER**

The parties to this action (the "Parties") hereby stipulate to entry of the following Protective Order to apply to documents, information and testimony produced or disclosed in this action that contain trade secrets or other confidential or proprietary information.

**Definitions and Designation Procedures**

1. <u>Confidential Information</u>. The Parties or a third-party discovery respondent (each, separately, a "Producing Party") may designate as "Confidential," by stamping or by designating by other appropriate means, any documents, information or testimony produced in accordance with the Federal Rules of Civil Procedure or by agreement, including, without limitation, interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, briefs, affidavits, and declarations (collectively, "Material") containing any confidential, proprietary, and/or trade secret information ("Confidential Information").

2. <u>Confidential: Attorneys' Eyes Only Information</u>. The Parties or a third-party discovery respondent also may designate as "Confidential: Attorneys' Eyes Only," by stamping

or other appropriate means, any Material containing highly sensitive confidential, proprietary, and/or trade secret business, financial, or technical information including, for example, marketing information or plans, customer lists, vendor relationships, margins, costs, and the like, that would likely cause competitive damage if it were to be disclosed ("Confidential: Attorneys' Eyes Only Information").

3. Time For Making Confidential Designations.

(a) Except as otherwise permitted under this Paragraph 3, designation of any Material as "Confidential" or "Confidential: Attorneys' Eyes Only" must be made before a copy of the Material is produced by one party to another party.

(b) If a party through inadvertence produces or provides any Material without designating it as "Confidential" or "Confidential: Attorneys' Eyes Only", the Producing Party may give written notice to the receiving party or parties that the Material is "Confidential" or "Confidential: Attorneys' Eyes Only" and should be treated in accordance with the provisions of this Protective Order. The receiving party or parties must treat such Material as "Confidential" or "Confidential: Attorneys' Eyes Only" from the date such notice is received. Disclosure of such Material prior to receipt of such notice to persons not authorized to receive "Confidential" or "Confidential: Attorneys' Eyes Only" Material shall not be deemed a violation of this Protective Order; however, those persons to whom disclosure was made are to be advised that the Material disclosed is "Confidential" or "Confidential: Attorneys' Eyes Only" and must be treated in accordance with this Protective Order.

(c) In the case of deposition transcript pages, the designating party must state on the record that the testimony is "Confidential" or "Confidential: Attorneys' Eyes Only"; in the alternative, information disclosed at a deposition may also be designated as "Confidential" or

"Confidential: Attorneys' Eyes Only" by notifying all parties in writing within ten (10) business days of the receipt of the transcript of those pages and lines that are to be so designated. All transcripts shall be treated as if designated "Confidential: Attorneys' Eyes Only" and subject to this Protective Order until expiration of such ten (10) business day period. Unless designated in accordance with this Paragraph, any confidentiality is waived unless otherwise stipulated or ordered. When Confidential Information or Confidential: Attorneys' Eyes Only Information is discussed, quoted or referred to in a deposition, the disclosing party shall ensure that only persons qualified to have access are present. In the event that any question asked at a deposition calls for or requires the disclosure of Confidential Information or Confidential: Attorneys' Eyes Only Information, any party may request at the deposition that the portion of the deposition transcript relating to such question be treated as "Confidential" or "Confidential: Attorneys' Eyes Only." If so requested, the reporter shall mark each page of the transcript designated, or the entire transcript, as "Confidential" and/or "Confidential" Attorneys' Eyes Only," and any related exhibits, substantially as follows: "Confidential – Subject To Protective Order" or "Confidential: Attorneys' Eyes Only – Subject To Protective Order." Further, any media containing Confidential Information or Confidential: Attorneys' Eyes Only Information from the deposition, including computer disks, video tapes, DVDs, CDs, or other electronic media, also shall be clearly labeled in accordance with this Paragraph by the reporter.

### Access to Materials Designated Confidential
### Or Confidential: Attorneys' Eyes Only

4.  <u>Access To Confidential Materials</u>. Materials designated "Confidential", and information derived therefrom, will not be disclosed to or used by anyone except the following persons, and by these persons solely for purposes of this Action:

3

(a) officers or employees of each party having a need to know such information only for the purposes of this Action (subject to Paragraph 6, below);

(b) Counsel for the Parties (including in-house counsel) and their employees involved in the conduct of this Action;

(c) Experts and consultants retained by any of the Parties who have a need for such information to assist in this Action (subject to Paragraph 6, below);

(d) During deposition, to any deposition witness where necessary to the testimony of such witness (subject to Paragraph 6, below) (however, the Parties may not disclose "Confidential: Attorneys' Eyes Only" documents or information to persons to whom such information was not previously known, without the consent of the Producing Party or Court Order);

(e) The Court, Court personnel, court reporters, and similar personnel; or

(f) Any other person with the prior written consent of the Producing Party (subject to Paragraph 6, below).

5. <u>Access to Confidential: Attorneys' Eyes Only Materials</u>. Materials designated "Confidential: Attorneys' Eyes Only", and information derived therefrom, will be subject to the same protections as provided for Confidential Information set forth in Paragraph 4 above except that such Confidential: Attorneys' Eyes Only Information may not be shown to or used by: (i) any non-attorney described in Paragraph 4(a) above without prior written consent by the Producing Party; or (ii) persons described in Paragraph 4(c) above without following the procedure set forth in Paragraph 7, below.

6. <u>Consent To Be Bound</u>. Prior to receiving, being shown or using Confidential Information or Confidential: Attorneys' Eyes Only Information, persons falling in the

categories listed in Paragraph 4, other than subsections (b) and (e) thereof, must be shown a copy of this Protective Order, and must agree in writing (by signing the Acknowledgement attached hereto as Exhibit A), or orally on the record during deposition, to be bound by its terms.

7. **Procedures Governing Experts And Consultants:**

(a) <u>Confidential Materials</u>. Counsel desiring to disclose Materials designated "Confidential" to any expert (including consulting or testifying experts) must first obtain the signed Acknowledgement undertaking from that expert in the form that is attached hereto as Exhibit A. Each expert must designate any assistants who would require access to such Confidential Information and Counsel must obtain signed Acknowledgements from each of those designated assistants. Counsel must maintain these signed Acknowledgements and serve copies of them on opposing counsel as follows: (a) for testifying experts, at the time that Party discloses its expert witnesses, and (b) for non-testifying consultants, at the conclusion of the lawsuit.

(b) <u>Confidential: Attorneys Eyes Only Materials</u>. Counsel desiring to disclose Materials designated "Confidential: Attorneys' Eyes Only" to any expert must serve on opposing counsel a copy of a signed Acknowledgement for each expert and each expert's designated assistants (in the form that is attached hereto as Exhibit A). For a period of ten (10) calendar days after such service, Confidential: Attorneys Eyes Only Information may not be disclosed to the expert or designated assistants. Within the ten-day period, the Producing Party may serve a written notice of objection to disclosure of confidential information to the expert or designated assistants. If the party wishing to disclose "Confidential: Attorneys' Eyes Only" information to such an expert and/or designated assistants wishes to challenge such an objection, the party may file a motion with the Court challenging such objection. The burden of establishing that the

5

disclosure of such information to the proposed expert and/or designated assistants will likely harm the Producing Party shall be upon the Producing Party. Further, if an objection is made and/or a motion is filed with the Court seeking the disclosure of such information to an expert and/or designated assistants, the receiving Party shall not disclose any such information to the expert and/or designated assistants until the Court has ruled upon the motion or the parties have otherwise agreed upon such disclosure in writing.

### Challenge To Designations

8.      If a receiving Party challenges the designation of any Material as "Confidential" or "Confidential: Attorneys' Eyes Only", that Party shall provide written notice of such challenge to the Producing Party, and the Parties shall attempt to resolve any change in good faith. If the challenge to the designation cannot be resolved within three (3) business days of the date that the written notice is received by the Producing Party, the objecting Party may file an appropriate motion with the Court requesting that the Court order that the disputed Material shall not be subject to the "Confidential" or "Confidential: Attorneys' Eyes Only" designation, as applicable. The disputed Material shall remain subject to all of the terms of the Stipulated Protective Order until the parties agree or the Court rules otherwise.

### Other Provisions

9.      <u>Filing Under Seal</u>. All Materials filed with the Court that contain Materials designated "Confidential" or "Confidential: Attorneys' Eyes Only" must be filed under seal in accordance with Local Rule 83-13.05, entitled "Pleadings and other Documents Filed under Seal."

10.     <u>Unsealing or Returning of Documents Filed Under Seal</u>. Not less than 30 days after a final order or other disposition has been issued in the District Court, or 30 days after the

receipt of a mandate from the Court of Appeals if an appeal has been taken in this action, the Clerk shall place in the public file all documents previously filed under seal, unless otherwise ordered by the Court. Prior to the expiration of the thirty-day period following the termination of a case, a party may move for an order of the Court either extending the seal for a specified additional time period or returning sealed documents to the filing party upon a showing of good cause.

11. <u>Return of Materials</u>. Upon completion of the Action and if requested by the Producing Party, the original and all copies of all Materials containing Confidential Information or Confidential: Attorneys' Eyes Only Information must be returned to counsel for the Producing Party or destroyed. The non-producing parties must provide to counsel for the Producing Party a certificate reflecting such disposition. The Parties and their counsel will not be required to return any Material that was admitted into evidence at trial or that contains a non-producing party's own privileged communications or attorney work product. Further, the attorneys of record may retain one set of documents produced for archival purposes only.

12. <u>Scope of Protective Order</u>. Nothing in this Protective Order restricts any Party from using or disclosing its own Confidential Information or Confidential: Attorneys' Eyes Only Information for any purpose. Confidential Information or Confidential: Attorneys' Eyes Only Information shall not include any Material which:

(a) At the time of the disclosure hereunder is available to the public; or

(b) After disclosure hereunder becomes available to the public through no act, or failure to act, by the receiving party; or

(c) the receiving party can show: (i) was already known to the receiving party; (ii) was independently developed by the receiving party; or (iii) was received by the receiving

party, after the time of disclosure hereunder, from a third party having the right to make such disclosure.

  13. <u>Retention of Jurisdiction</u>.  The Parties and any other person subject to the terms of this Protective Order agree that the Court has and retains jurisdiction during and after this Action is terminated for the purpose of enforcing this Protective Order.  The obligations of this Protective Order shall survive the termination of the Action and continue to bind the Parties.

  14. <u>Application to the Court</u>.  This Protective Order is without prejudice to the right of any interested party to apply to the Court for an order permitting the disclosure of any Confidential Information or Confidential: Attorneys' Eyes Only Information or to apply for an order modifying or limiting this Protective Order in any respect.

STIPULATED AND AGREED TO:

s/Thomas M. Blumenthal by MAK
Thomas M Blumenthal (EDMo #2652)
Jeffrey L. Michelman (EDMo #3851)
PAULE, CAMAZINE & BLUMENTHAL, P.C.
165 North Meramec Ave., Suite 110
Clayton, MO 63105-3722
Telephone:     (314) 244-3635
Facsimile:     (314) 727-2101
tblumenthal@pcblawfirm.com
jmichelman@pcblawfirm.com

Attorneys for Defendant Williams
Pharmacy, Inc.


s/Albert S. Watkins by MAK
Albert S. Watkins, LC (EDMo #10651)
Michael D. Schwade (EDMo # 5214077)
KODNER WATKINS MUCHNICK &
WEIGLEY, LC
7800 Forsyth Boulevard, Suite 700
Clayton, MO 63105
Telephone:     (314) 727-9111
Facsimile:     (314) 727-9110
albertswatkins@kwmwlaw.com
mschwade@kwmwlaw.com

Attorneys for Defendants James A.
Winkelmann, Jr. and The South Butt LLC

s/Michael A. Kahn
David A. Roodman (EDMo #5116)
Michael A. Kahn (EDMo #3506)
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
Telephone:     (314) 259-2000
Facsimile:     (314) 259-2020
daroodman@bryancave.com
mike.kahn@bryancave.com

G. Roxanne Elings (GE 8321)
Heidi Garfield (HG 4224)
GREENBERG TRAURIG LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

Attorneys for Plaintiff The North Face
Apparel Corp.


**IT IS SO ORDERED:**

_____
The Honorable Rodney W. Sippel
United States District Judge

Date: February 22, 2010

9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE NORTH FACE APPAREL CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:09-cv-02029 |
| WILLIAMS PHARMACY, INC. | ) |
| JAMES A. WINKELMANN, JR., and | ) |
| THE SOUTH BUTT LLC, | ) |
| | ) |
| Defendants. | ) |

**ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER**

I hereby acknowledge that I have been furnished with a copy of the Stipulated Protective Order in this Action, that I have read and understand it, and agree to be bound by it. I also agree to be subject to the personal jurisdiction of this Court in connection with any proceeding or hearing relating to Confidential Information as defined in the Stipulated Protective Order, including any proceeding relating to the enforcement of an order relating to the Stipulated Protective Order.

_____
Signature

_____
Printed Name