# EXHIBIT 3



# Kodner | Watkins | Kloecker, LC
**Attorneys and Counselors at Law**

The Bank of America Building, 7800 Forsyth Blvd., Suite 700, Saint Louis, Missouri 63105
(314) 727-9111 / (314) 727-9110 Fax / www.kwmwlaw.com / E-mail: contact@kwmwlaw.com
(314) 727-9022 Direct Dial Fax

ALBERT S. WATKINS, L.C.
Licensed in: Missouri, Illinois, Washington, D.C. and Minnesota

Direct Extension: 241
E-Mail: albertswatkins@kwklaw.net

April 26, 2011

**VIA E-MAIL** garfieldh@gtlaw.com
**VIA CERTIFIED U.S. MAIL**
Ms. Heidi Garfield, Esq.
Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166

Re:   The North Face v. The South Butt

Dear Ms. Garfield:

Thank you for your recent correspondence issued in connection with the above-referenced matter.

It is the position of our client, The South Butt, that it is in full compliance with the underlying Settlement Agreement entered into by and between the parties in connection with the above matter. As you know, under the terms of the Agreement, an Affidavit was required to be executed by Messrs. Winkelmann and The South Butt. An Affidavit has been prepared, executed and submitted to you in a fashion which completely comports with the terms and conditions of the underlying Settlement Agreement.

Under the terms of the Settlement Agreement, The North Face is required to pay The South Butt the settlement amount required under the Settlement Agreement not later than [REDACTED] after the Affidavit is submitted.

Careful scrutiny of the underlying Settlement Agreement reflects and indicates that at no point therein is The North Face entitled to extend the number of days after the Affidavit is submitted by which remittance of the payment of the settlement amount must be effectuated.

My client is prepared to proceed with pursuit of a ruling from the Court to resolve this matter and will do so if the settlement amount is not paid to and received by The South Butt on or before May 24, 2011.

It is our hope that The North Face elects to live up to its obligations under the terms of the Settlement Agreement.

11420 042611 HG DRAFT ltr

Ms. Heidi Garfield, Esq.
April 26, 2011
Page 2



We are somewhat perplexed by what is perceived to be an overwhelming desire on the part of either your office or The North Face, or both, to thwart a diligently negotiated and discharged settlement of this matter. It is my hope that a re-review by your office of the underlying terms of the Settlement Agreement will shed light on the total absence of trepidation on the part of my clients to take all steps necessary to seek and compel compliance by The North Face with the terms and conditions of the Settlement Agreement.

It is anticipated that you fully appreciate the nuances that would necessarily be involved in connection with this matter in the tragic event that The North Face spurns its financial responsibility to The South Butt within the context of this matter.

My clients have turned the other cheek on too many occasions to accommodate supplemental requests for information and details relating to its activities and has done all that is necessary to wipe clean any and all concerns on the part of The North Face with respect to the actions of my clients. It is genuinely hoped that we will be able to flush this out in short order. I am sure that you will agree that the ever present twinkle in the eyes of young Jimmy Winkelmann should not be compromised. To paraphrase someone of import who made a statement of significance at some point, "Youth will be served, every dog has his day, and that of thy opposition has been a fine one, let it be content." In the hope of expeditiously resolving this matter, I remain

Very truly yours,

Albert S. Watkins, L.C.

ASW/rbt

11420 042611 HG DRAFT ltr