IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE NORTH FACE APPAREL CORP., ) <br> A Delaware Corporation ) <br> ) <br> v. ) <br> ) <br> WILLIAMS PHARMACY, INC., et al. ) | Case no. 4:09-cv-02029 |

### DECLARATION OF MORRIS E. TUREK, ESQ.

MORRIS E. TUREK, ESQ., under penalty of perjury, declares and says:

1. I am over the age of 18, have personal knowledge of the matters contained herein and am competent to testify to same.

2. I am a licensed attorney and was the attorney of record for Why Climb Mountains, LLC ("WCM") in connection with its trademark application Serial No. 85/390,367 before the United States Patent and Trademark Office, which corresponded to the THE BUTT FACE mark.

3. I spoke via telephone with Christopher M. Turk, Esq., counsel for The North Face Apparel Corp. in July 2012 regarding the THE BUTT FACE mark.

4. To the best of my recollection, during that telephone conversation, Mr. Turk asked me what WCM wanted to abandon use of THE BUTT FACE. I replied that I did not know what it would take because I had not spoken with WCM's representatives about settlement prior to Mr. Turk's telephone call.

5. To the best of my recollection, during that same telephone conversation, I reminded Mr. Turk that the media storm created by The North Face earlier in the instant litigation only resulted in massive publicity and a substantial amount of sales for The South Butt and suggested that perhaps the issue could be resolved in a different fashion.

6. This conversation took place before The North Face filed the instant Motion for an Order of Contempt.

7. I have read the Supplemental Declaration of Christopher M. Turk dated October 1, 2012 and filed in Support of Plaintiff's Motion for an Order of Contempt.

8. To the best of my recollection, I do not recall using the term "cleaned up last time," but if I did, it only would have been in relation to how The North Face mishandled the situation earlier in this litigation.

9. To the best of my recollection, I did not say that Defendant James A. Winkelmann, Sr. "hoped to do the same this time."

10. To the best of my recollection, I did not say that WCM or its representatives were waiting for the "media storm" again.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th day of October, 2012 in St. Louis, Missouri.

_____
Morris E. Turek, Esq.