IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE NORTH FACE APPAREL CORP., | ) | |
| A Delaware Corporation | ) | |
| | ) | |
| v. | ) | Case no. 4:09-cv-02029-RWS |
| | ) | |
| WILLIAMS PHARMACY, INC., et al. | ) | |

**DEFENDANTS' PROPOSED FINDINGS OF FACT**

COMES NOW James A. Winkelmann, Sr. ("Jim"), James A. Winkelmann, Jr. ("Jimmy") and Why Climb Mountains, LLC ("WCM"), by and through their undersigned counsel, pursuant to this Court's Memorandum and Scheduling Order (Doc. 85) and offer the following proposed findings of fact prior to the hearing of Plaintiff's Motion for Contempt.

1. Plaintiff initiated this litigation in 2009 against The South Butt, LLC ("TSB"), and Jimmy and others after TSB refused to cease selling its THE SOUTH BUTT apparel that Plaintiff alleged infringed and diluted Plaintiff's THE NORTH FACE mark, among other marks belonging to Plaintiff.

2. During the litigation with Plaintiff, Jim and Jimmy began developing a new parody trademark now known as THE BUTT FACE and Jimmy registered the domain name www.thebuttface.com on December 17, 2009.

3. The parties agreed to settle their dispute over THE SOUTH BUTT with the execution of a Settlement Agreement and the entry of a Consent Injunction.

4. On April 14, 2011, James A. Winkelmann, Sr. organized WCM for the purpose of selling parody apparel clothing.

5. WCM sells apparel under the OLOP and THE BUTT FACE names.

6. WCM markets OLOP as a parody of POLO.

1

7. WCM markets THE BUTT FACE as a parody of THE NORTH FACE.

8. Roxanne Elings, Esq. is counsel of record for PRL USA Holdings, Inc., which claims to own the POLO trademark.

9. Mrs. Elings filed a Notice of Opposition before the USPTO on January 11, 2012 opposing the Trademark Application filed by WCM seeking to register the OLOP Trademark.

10. Mrs. Elings, an agent of both The North Face Apparel Corp. and PRL USA Holdings, Inc., has been aware of THE BUTT FACE since at least April of 2011 and OLOP since at least January 11, 2012.

11. Pursuant to the Settlement Agreement, TSB, Jim and Jimmy were required to submit an affidavit of compliance with the terms of the Settlement Agreement to TNF before TNF would remit the Settlement Payment required by the Settlement Agreement.

12. TNF, by and through counsel, issued correspondence to TSB's counsel on April 12, 2011 alleging that TSB violated the Settlement Agreement and Consent Injunction by virtue of the creation of a Facebook page for THE BUTT FACE.

13. On April 24, 2011, TSB, Jim and Jimmy denied any breach, tendered an Affidavit of compliance with the Settlement Agreement and demanded TNF fulfill its obligations under the Settlement Agreement.

14. TNF's counsel issued correspondence dated April 25, 2011 denying that TSB, Jim and Jimmy were in compliance with the Settlement Agreement on account of the THE BUTT FACE Facebook page.

15. Counsel for TSB, Jim and Jimmy issued correspondence dated April 26, 2011 correcting the record in this regard.

16. TNF subsequently satisfied its payment obligations to TSB in conformity with the Settlement Agreement.

17. TSB responded by providing TNF with its duly filed Articles of Termination on June 13, 2011.

18. THE BUTT FACE apparel was available for sale beginning in June 2011.

19. There was no communication between TNF and Jim or Jimmy's counsel between June 2011 and August 2012.

20. TNF's delay in asserting its claims that THE BUTT FACE violated TNF's rights caused Jim, Jimmy and WCM substantial time and resources in developing the THE BUTT FACE brand.

21. TNF's delay was inexcusable insomuch as it became aware of THE BUTT FACE at least sixteen (16) months prior to bringing the Motion for Contempt.

22. The Court finds TNF's payment of the funds owed pursuant to the Settlement Agreement and inexcusable delay unduly prejudiced the Defendants who continued developing the THE BUTT FACE brand.

23. WCM, Jim and Jimmy have acted in good faith in their development of THE BUTT FACE brand and have not taunted THE NORTH FACE.

24. The Plaintiff's trademark(s) are very strong.

25. A successful parody must use a strong mark that is recognizable to the target market.

26. The Court finds the similarity between the THE BUTT FACE and THE NORTH FACE marks sufficient for the THE BUTT FACE mark to cause a consumer to associate the mark with the THE NORTH FACE mark.

27. The Court finds the products sold under the THE BUTT FACE mark to be competitively distant from those sold under the THE NORTH FACE mark(s).

28. The Court finds it was specifically not the Defendants' intent to confuse the consuming public by using the THE BUTT FACE mark.

29. The Court finds that there has been no actual confusion between THE BUTT FACE and THE NORTH FACE by consumers.

30. The Court finds that customers of WCM intentionally seek THE BUTT FACE products and use a heightened degree of care in purchasing WCM products than the ordinary consumer.

31. The Court finds the Defendants' THE BUTT FACE mark is not an unwholesome, unsavory, or degrading association with the Plaintiff's THE NORTH FACE mark(s).

KODNER WATKINS KLOECKER, LC


By: /s/ Albert S. Watkins
ALBERT S. WATKINS, LC #34553MO
MICHAEL D. SCHWADE, #60862MO
7800 Forsyth Boulevard, Suite 700
Clayton, Missouri 63105
(314) 727-9111
(314) 727-9110 Facsimile
albertswatkins@kwklaw.net
mschwade@kwklaw.net

**CERTIFICATE OF SERVICE**

Signature above is also certification that on October 9, 2012 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to all counsel of record.