IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE NORTH FACE APPAREL CORP., ) <br> A Delaware Corporation ) <br> ) <br> v. ) <br> ) <br> WILLIAMS PHARMACY, INC., et al. ) | Case no. 4:09-cv-02029-RWS |

**<u>DEFENDANTS' PROPOSED CONCLUSIONS OF LAW</u>**

COMES NOW James A. Winkelmann, Sr. ("Jim"), James A. Winkelmann, Jr. ("Jimmy") and Why Climb Mountains, LLC ("WCM"), by and through their undersigned counsel, pursuant to this Court's Memorandum and Scheduling Order (Doc. 85) and offer the following proposed conclusions of law prior to the hearing of Plaintiff's Motion for Contempt.

1.  This Court retained jurisdiction over Jimmy as an original Defendant to this litigation pursuant to the express terms of the Consent Injunction.

2.  Jim is subject to the jurisdiction of this Court as a voluntary signatory to the Consent Injunction and pursuant to this Court's Order granting Jim's Motion to Intervene.

3.  WCM is subject to this Court's jurisdiction pursuant to this Court's Order granting WCM's Motion to Intervene.

4.  In evaluating the Plaintiff's Motion for Contempt, the standard to be applied by the Court is "clear and convincing evidence".

5.  The Plaintiff bears the burden of proving (1) there is a specific and definite order of the Court and (2) the Defendants have violated that order.

6.  Defendants have conceded, and the Court finds, there is a specific and definite order of the Court in the form of the Consent Injunction entered herein.

1

7.     The Consent Injunction prohibits the Defendants from using THE SOUTH BUTT marks or any other reproduction, counterfeit, copy or colorable imitation of the THE NORTH FACE Trademarks or using any other designation that is confusingly similar in any manner as to be likely to dilute, cause confusion, deception or mistake or from diluting and infringing the THE NORTH FACE Trademarks, and damaging TNF's goodwill or from otherwise competing unfairly with TNF in any manner.

8.     Where an individual or entity has been enjoined from infringing a plaintiff's mark(s), the infringer may be required to keep a "safe distance" from the plaintiff's mark(s).

9.     To determine whether there has been any infringement, the Court will consider (a) the strength of the Plaintiff's trademark(s); (b) the degree of similarity between the two marks; (c) the competitive proximity of the products; (d) the Defendant's intent to confuse; (e) actual confusion; and (f) the degree of care reasonably expected of potential consumers.

10.    The Court concludes factor (a) does not favor either party.

11.    The Court concludes factor (b) does not favor either party.

12.    The Court concludes factor (c) favors Defendants.

13.    The Court concludes factor (d) favors Defendants.

14.    The Court concludes factor (e) favors Defendants.

15.    The Court concludes factor (f) favors Defendants.

16.    The Court concludes that Defendants' THE BUTT FACE mark does not infringe the Plaintiff's THE NORTH FACE trademark(s).

17.    The Court relies upon *Jordache Enterprises, Inc. v. Hog Wyld, Ltd.*, 828 F.2d 1482 (10th Cir. 1987), *Louis Vuitton Malletier S.A. v. Haute Diggity Dog, LLC*, 507 F.3d 252, 262 (4th Cir. 2007) and *Tommy Hilfiger Licensing, Inc. v. Nature Labs, LLC*, 221 F.Supp.2d 410,

416 (S.D.N.Y. 20020) in holding the parody defense is available to a defendant who uses its mark as a designation of source for its own goods.

18. The Court concludes that THE BUTT FACE mark does not dilute the THE NORTH FACE mark by tarnishment or blurring.

19. To succeed on a claim of laches, the Defendants must prove (1) a delay in asserting the claim; (2) the delay was inexcusable; and (3) undue prejudice to the Defendants from the delay.

20. The Court finds there was a delay of sixteen (16) months.

21. The Court finds the delay was inexcusable.

22. The Court finds the Defendants were unduly prejudiced by the delay.

23. The Court finds the Defendants do not have "unclean hands".

24. The Court finds the Defendants are entitled to assert Laches.

25. The Plaintiff is barred by the doctrine of Laches from seeking an Order of contempt against WCM, Jim and Jimmy.

26. Because Defendants have not infringed or diluted the THE NORTH FACE mark(s) and are entitled to the defense of laches, Defendants are not in contempt of this Court's Consent Injunction.

KODNER WATKINS KLOECKER, LC


By:___/s/ Albert S. Watkins_____
ALBERT S. WATKINS, LC #34553MO
MICHAEL D. SCHWADE, #60862MO
7800 Forsyth Boulevard, Suite 700
Clayton, Missouri 63105
(314) 727-9111
(314) 727-9110 Facsimile
albertswatkins@kwklaw.net

3

mschwade@kwklaw.net

**CERTIFICATE OF SERVICE**

       Signature above is also certification that on October 9, 2012 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to all counsel of record.