IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE NORTH FACE APPAREL CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:09-cv-02029-RWS |
| ) | |
| WILLIAMS PHARMACY, INC., ) | |
| JAMES A. WINKELMANN, JR., and ) | |
| THE SOUTH BUTT LLC, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
ITS MOTION FOR AN ORDER OF CIVIL CONTEMPT**

Plaintiff The North Face Apparel Corp. ('The North Face") agrees with the standard described by the Court in its October 10, 2012 Memorandum and Order (Doc. 110), namely, "that the district court's visual inspection of the two products [is] sufficient, in conjunction with counsels' arguments, to determine that the defendant's product [i]s a 'colorable imitation' of the plaintiff's product such that it violate[s] the terms of the consent injunction." (Doc. 110 at 4-5 (citation omitted).)

All that is required to evaluate whether THE BUTT FACE Marks are a "colorable imitation" of the THE NORTH FACE Trademarks is consideration of their similarity rather than an examination of all *SquirtCo* factors relevant to likelihood of confusion. *Badger Meter, Inc. v. Grinnell Corp.*, 13 F.3d 1145, 1155 (7th Cir. 1994) (court's discretion to require new mark "that does not even arguably infringe on the plaintiff's rather than taking the time to examine each proposal in detail").

The *Wolford* case involved lamp trade dress. Under the circumstances here—involving word marks as well as design and composite marks—the Court can consider, along with the

visual comparison, the sound and connotation of the marks in comparing their overall commercial impression. *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1516-17 (11th Cir. 1990) (noting safe distance rule and affirming contempt where "consuming public was likely to confuse the two marks because they created the same general impression and had been used in the same context"). Thus the Court may consider that Respondents have used THE BUTT FACE Marks on the same types of apparel sold by The North Face because "[w]here products are closely related, less similarity in trademarks is necessary. . . ." *SquirtCo v. Seven-Up Co.*, 628 F.2d 1086, 1091 (8th Cir. 1980). So, too, in making this comparison the Court can also consider Respondents' concessions regarding similarity and their admission that they *intended* their mark "to invoke Plaintiff in the minds of potential customers . . . ." (Doc. 94 at 13.)

Dated:  October 12, 2012

Respectfully submitted,

/s/ Michael A. Kahn
Michael A. Kahn, #35411MO
Geoffrey G. Gerber, #47097MO
BRICKHOUSE LAW GROUP
1006 Olive Street, Suite 303
St. Louis, MO  63101-2034
Telephone:  (314) 932-1076
mkahn@brickhouselaw.com

G. Roxanne Elings (*pro hac vice*)
Charles A. LeGrand (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1633 Broadway, 27th Floor
New York, NY  10019-6708
Telephone:  (212) 603-6416
Roxanne.elings@dwt.com

*Attorneys for Plaintiff The North Face Apparel Corp.*

3

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that on this 12th day of October, 2012, a true copy of this Supplemental Memorandum was served via the Court's electronic filing system on all counsel of record.

                   */s/ Michael A. Kahn*