UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE NORTH FACE APPAREL CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAMS PHARMACY, INC. and THE SOUTH BUTT LLC; | ) ) | |
| | ) | Case No. 4:09-cv-02029-RWS |
| Defendants, | ) | |
| | ) | |
| JAMES A. WINKELMANN, JR. | ) | |
| | ) | |
| Defendant-Respondents | ) | |
| | ) | |
| JAMES A. WINKELMANN, SR. and WHY CLIMB MOUNTAINS, LLC, | ) ) | |
| | ) | |
| Intervenor-Respondents | ) ) | |

CONSENT JUDGMENT OF CONTEMPT

This case is before the Court on the motion of Plaintiff The North Face Apparel Corp. ("Plaintiff") for contempt (Doc. 74), and having reviewed the submissions, including declarations, other evidence and legal memoranda of the parties, and upon agreement and representations of Plaintiff and of James A. Winkelmann, Jr.; James A. Winkelmann, Sr.; and Why Climb Mountains, LLC (collectively, "Respondents"), the Court finds by clear and convincing evidence that:

This Court has jurisdiction over the subject matter of this dispute under 28 U.S.C. § 1331;

This Court has jurisdiction over the parties;

This Court's Consent Injunction (Doc. 71) was a specific and definite order;

This Court's Consent Injunction bound James A. Winkelmann, Sr. and Why Climb Mountains, LLC in addition to James A. Winkelmann, Jr.; and

Respondents have violated this Court's Consent Injunction.

Accordingly, this Court finds for Plaintiff and against Respondents, more specifically,

IT IS ORDERED AND ADJUDGED that Respondents James A. Winkelmann, Jr.; James A. Winkelmann, Sr.; and Why Climb Mountains, LLC are in contempt of this Court's Consent Injunction (Doc. 71);

IT IS FURTHER ORDERED AND ADJUDGED, that Respondents will remain in contempt of this Court until Respondents have fully complied with all of the following requirements of this Court;

THEREFORE, IT IS FURTHER ORDERED, ADJUDGED, DECREED as follows:

Respondents James A. Winkelmann, Jr.; James A. Winkelmann, Sr.; and Why Climb Mountains, LLC, including each of them and their agents, servants, employees, representatives, confederates, affiliates and any other persons, or entities acting in concert or participation with them, are permanently enjoined and restrained:

(a) As previously ordered by this Court in its April 12, 2010 Consent Injunction (Doc. 71);

(b) To cease immediately, any further communications, of any kind, concerning The North Face, The South Butt, and/or The Butt Face other than "no comment," or non-disparaging, confidential responses to questions from accredited educational institutions and potential employers regarding this Judgment;

(c) To cease within 24 hours:

   a. From using any of The Butt Face Marks, or any other reproduction, counterfeit, copy, or colorable imitation (specifically to include parody) of THE NORTH FACE Trademarks, either alone or in combination with any other designation, on or in connection with any advertising, marketing, promoting, distribution, offer for sale, or sale of services or goods;

   b. From using any of THE NORTH FACE Trademarks, or any other designation that is confusingly similar to any of the THE NORTH FACE Trademarks, or any other designation that is confusingly similar to any of the THE NORTH FACE Trademarks, including, but not limited to the "The Butt Face" Marks, in any manner

       as to be likely to dilute, cause confusion, deception or mistake on or in connection with the manufacturing, distribution, offering for sale or selling of any product;

    c. From passing off, inducing or enabling others to sell or pass off, any product as and for products produced by The North Face, not The North Face's, or not produced under the control and supervision of The North Face and approved by The North Face for sale under the THE NORTH FACE Trademarks;

    d. From committing any acts calculated to cause purchasers to believe that the The Butt Face Trademarks are sold under the control and supervision of The North Face or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of The North Face;

    e. From diluting and infringing the THE NORTH FACE Trademarks, and damaging The North Face's goodwill;

    f. From any parody of the THE NORTH FACE Trademarks;

    g. From otherwise competing unfairly with The North Face in any manner; and

    h. From conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to above

    i. From use of the The Butt Face Facebook page or any other use of social media that violates the terms of this Agreement , including any YouTube videos

(d) To turn over to Plaintiff, within 48 hours, any domain name, or Twitter account that violates the prior Consent Injunction or this Order, or includes in any way a direction on a compass or body part, either alone or in combination with each other or other terms;

(e) To turn over to Plaintiff within ten (10) business days for destruction, any and all goods bearing THE BUTT FACE Marks or produce a sworn affidavit stating that no such goods exist;

(f) Respondents shall disgorge payments previously made to them by The North Face in the amount of sixty-five thousand dollars ($65,000.00) and the Clerk of Court shall enter

judgment in that amount against James A. Winkelmann, Jr.; James A. Winkelmann, Sr.; and Why Climb Mountains, LLC; each jointly and severally liable, to be paid to charity;

(g) The judgment will bear no interest and so long as Respondents comply with all other requirements of this Order, at the end of each full calendar month after entry of the judgment, the amount of that judgment will be reduced by one-thousand dollars ($1,000.00) until the judgment has been reduced to zero, either because of the passage of time or because Respondents have provided evidence that the remaining balance on the judgment has been paid to charity.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction to the extent necessary to enforce this Order and the Judgment.

IT IS SO ORDERED:

_____         Dated:_____
The Honorable Rodney W. Sippel
United States District Court Judge


STIPULATED AND AGREED TO:

WHY CLIMB MOUNTAINS, LLC                  THE NORTH FACE APPAREL CORP.

By:_____        By:_____
   James A. Winkelmann, Sr.                  Christopher M. Turk
   Manager                                   Assistant Secretary


_____         _____
James A. Winkelmann, Sr.                  James A. Winkelmann, Jr.

judgment in that amount against James A. Winkelmann, Jr.; James A. Winkelmann, Sr.; and Why Climb Mountains, LLC; each jointly and severally liable, to be paid to charity;

(g) The judgment will bear no interest and so long as Respondents comply with all other requirements of this Order, at the end of each full calendar month after entry of the judgment, the amount of that judgment will be reduced by one-thousand dollars ($1,000.00) until the judgment has been reduced to zero, either because of the passage of time or because Respondents have provided evidence that the remaining balance on the judgment has been paid to charity.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction to the extent necessary to enforce this Order and the Judgment.

IT IS SO ORDERED:

_____
The Honorable Rodney W. Sippel
United States District Court Judge

Dated: October 18, 2012

STIPULATED AND AGREED TO:

WHY CLIMB MOUNTAINS, LLC

By:_____
James A. Winkelmann, Sr.
Manager

_____
James A. Winkelmann, Sr.

THE NORTH FACE APPAREL CORP.

By:_____
Christopher M. Turk
Assistant Secretary

_____
James A. Winkelmann, Jr.

s/ Albert S. Watkins
Albert S. Watkins
Michael D. Schwade
KODNER WATKINS MUCHNIK
& WEIGLY, LC
7800 Forsyth Boulevard, suite 700
Clayton, MO 63105
Telephone: (314) 727-9111
Facsimile: (314) 727-9110
albertswatkins@kwmwlaw.com
mschwade@kwmwlaw.com

*Attorneys for Respondents James A. Winkelmann, Jr.; James A. Winkelmann, Sr.; and Why Climb Mountains, LLC*

s/ Michael Kahn
Michael A. Kahn
Geoffrey G. Gerber
The BrickHouse Law Group
Professional Corporation
1006 Olive Street, Suite 303
St. Louis, MO 63101
Telephone: (314) 932-1070
Facsimile: (314) 932-1078
mkahn@brickhouselaw.com
ggerber@brickhouselaw.com

G. Roxanne Elings (*pro hac vice*)
Charles A. LeGrand (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1633 Broadway, 27th Floor
New York, NY 10019-6708
Telephone: (212) 603-6416
roxanneelings@dwt.com

*Attorneys for The North Face Apparel Corp.*